Dear Representative Farrar:
This office is in receipt of your opinion request under letter dated March 23, 1993. You raise the following issue for our resolution:
 "May an individual employed as a bus driver by the Rapides Parish School Board simultaneously hold the position of justice of the peace or constable?"
The Dual Officeholding and Dual Employment laws of this state, LSA-R.S. 42:61, et. seq., govern the legality of the concurrent holding of certain positions. These prohibitions are specified in the language of LSA-R.S. 42:63(D), which provides, in pertinent part:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . ." (Emphasis added).
The office of justice of the peace, a local elective office, is also a political subdivision, as defined in LSA-R.S.42:63(9). The Rapides Parish School Board is a separate political subdivision, as defined in LSA-R.S. 42:63(9). There is a prohibition against holding local elective office and employment in the same political subdivision, but there is no prohibition against holding local elective office, such as justice of the peace, and holding employment in a separate political subdivision, such as the Rapides Parish School Board.
For your further review, we quote pertinent sections of LSA-R.S. 42:62. "Elective office" is defined as:
 ". . . any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof." LSA-R.S. 42:62(1).
"Employment" is defined as:
 ". . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." LSA-R.S. 42:62(3).
"Full time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S.42:62(4). "Part time" means less than the number of hours of work defined as full time. LSA-R.S. 42:62(5).
Again, there is no prohibition preventing the concurrent holding of local elective office and employment in a separate political subdivision. For this reason, we conclude an individual may legally hold employment with the Rapides Parish School Board while holding local elective office. Attached you will find Attorney General Opinion Number 90-423, which adheres to this conclusion.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0226E